Executors are entitled to a reasonable attorney's fee, where they successfully resist a motion to remove them from office.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 448, 449, 462.]

2. SAME—PURCHASE OF ASSETS.

Where executors purchase a steamboat belonging to the estate and turn it over to a corporation which they organize, the sale is void, and they are liable for the inventory value of the boat.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors, § 467.]

3. SAME.

Decedent at her death had considerable money invested in a business conducted by her executors. After her death the executors turned the business into a corporation, and issued stock to themselves as executors in payment of the money due by them to the estate. *Held*, that they were chargeable with the amount due decedent on the day of her death, with interest.

In the matter of the judicial settlement of the accounts of Charles H. Boyer and Frank W. Boyer, executors of Amelia S. Sherman. Decree rendered.

J. Stewart Ross, for executors.

Chilvers & Thompson, for contestant.

Finch & Coleman, for general guardian.

CHURCH, S. In this matter I announced my decision at the termination of the trial; but, as the official stenographer omitted to take it, I shall, for the guidance of parties, make this brief memorandum.

The objection to the $250 paid to Mr. Ross as counsel fee is opposed solely upon the ground that it is not a proper charge against the estate; the reasonableness of the amount being conceded. It appears that this was money expended by the executors in the successful resistance of a motion to remove them in their official capacity. Where an unjust attack is made upon an executor, he is authorized to recoup from the estate the necessary expenditure to which he has been put in justifying his conduct, and therefore this item is allowed.

In connection with the steamer Boyer, the executors sold the boat to themselves and then turned it over to a corporation which they organized. In taking such a course the executors improperly dealt with the trust property, and consequently such sale should be treated as void, and the boat regarded as still the property of the estate, with which they are chargeable at its inventory value.

The deceased left considerable of her money in the firm business, which was being conducted by the executors, standing to her credit at the time of her death. The executors have turned this business into a corporation, and have issued to themselves, as executors, stock of such corporation in payment of the money due by them to the estate of the deceased. In this they again violate their duty as executors, and consequently they should be surcharged with the amount standing due to the deceased on the day of her death, with interest.

Although the executors have thus improperly dealt with themselves, I do not think they were guilty of any wrongdoing, as the deceased herself put them in a position in which they would necessarily be compelled to deal with themselves; and I have no doubt that the organization of the corporation was the best plan for the protection of the estate interests. Even if that be so, however, it is insufficient to justify the court in approving of the conduct of the executors in thus dealing with themselves; and therefore the decree will provide that they be surcharged with the sums referred to, which they will hold in accordance with the trust provisions contained in the will.

Decreed accordingly.